UNITES STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SANDRA DOMINGUEZ,**
    Plaintiff,

vs.                                                                           Case No.: _____

**UNUM LIFE INSURANCE
COMPANY OF AMERICA,**
    Defendant
_____/

**COMPLAINT**

    Plaintiff, Sandra Dominguez, by and through her undersigned counsel, sues Defendant, UNUM Life Insurance Company of America (hereinafter UNUM), and states:

    1.    This is an action for equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et. seq.

    2.    This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

    3.    UNUM, is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in the Middle District of Florida in Tampa, Florida.

    4.    Plaintiff is an employee and/or former employee of Moffitt Cancer Center. Plaintiff is and/or was eligible to participate in each of the plans, funds, programs, or arrangements described herein which were available to her by virtue of her employment with Moffitt Cancer Center.

    5.    At all relevant times, Plaintiff was a participant in an employee benefit plan, which UNUM is the claims administrator by appointment ("the Plan" – a copy of the Summary

Plan Description for the Long Term Disability Policy 473270 002, is attached as Exhibit "A" (hereinafter the "Plan").

6. The Plan is subject to the provisions of ERISA.

7. The Plan may be funded partially by employee contributions to the benefit plan.

8. UNUM is the Claims Administrator of the Plan and/or is the fiduciary charged with making benefit determinations under the Plan, including the determinations made on Plaintiff's claim up through the appeal process for injuries to her cervical spine, to include imaging which support cervical and lumbar spondylosis and osteoarthritis. She also has a documented antalgic gait.

9. Plaintiff submitted a claim for long term disability benefits under the Plan and UNUM determined that she was not totally disabled and did not pay benefits even though the Plaintiff is a registered nurse whose job requires her to stand, walk, handling and stooping frequently, plus lift and carry up to 50 pounds. (Job description attached as Exhibit B)

10. The Plan has failed and refused to pay benefits from the end of the elimination period which is January 18, 2021 through the date of the filing of this action.

11. Dr. Sujatha Borra, a treating physician of the Plaintiff, told the Defendant's adjuster that Ms. Dominguez could not work because of pain in the cervical spine, which was given no weight in the Defendant's final denial, as if this doctor was treating non-existing conditions.

12. With respect to all claims made herein, Plaintiff exhausted all of her administrative remedies and/or such exhaustion of remedies is excused.

13. Plaintiff is entitled to certain benefits under the Plan consisting of benefits for long term disability from January 18, 2021 through the date of the filing of this action.

14. Plaintiff is entitled to the Plan benefits identified herein because:

a. The benefits are permitted under The Plan.

b. Plaintiff satisfied all conditions precedent to be eligible to receive the benefits.

c. Plaintiff has not waived or otherwise relinquished entitlement to the benefit.

d. Plaintiff is unable to earn her lost wages as a registered nurse.

e. Each disabling condition began while covered under the Plan.

f. Plaintiff is not reasonable fitted by education, training, or experience to perform her job even though Plaintiff remains under the regular care of a doctor(s) for her covered conditions.

15. UNUM on behalf of the Plan, refused to pay the benefits sought by Plaintiff and as grounds for such refusal has alleged that Plaintiff does not satisfy the definition of her own occupation disability as stated in the Long Term Disability Plan.

16. Each benefit payment due since January 18, 2021 is a liquidated sum, and became liquidated on the date the payment was due and payable. Plaintiff seeks pre-judgment interest on each such payment.

17. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), the Plaintiff is entitled to an award of reasonable attorney fees and costs incurred in this action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to pay a reasonable attorney fee as compensation to him for his services.

WHEREFORE, Plaintiff, Sandra Dominguez, asks this Court to enter judgment against Defendant, UNUM, finding:

a. Plaintiff is entitled to long term disability benefits from January 18, 2021 through the date of the entry of a Final Judgement in this action; and

b.      Award long term disability benefits in the amount not paid to the Plaintiff from January 18, 2021 through the date of the entry of a Final Judgement; and

c.      Award reasonable attorney fees and costs incurred in this action; and

d.      For such other and further relief as this Court deems just and proper under the circumstances.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed on April 29, 2022.

Respectfully Submitted,
LAW OFFICE OF DONALD C. ANDERSON, JR.

*/s/ Donald C. Anderson*
Donald C. Anderson, Jr., Esquire
Florida Bar # 167380
DCA@thedisabilityfirm.com
Laurel A. Marois, Esquire
Florida Bar # 1010770
laurel@thedisabilityfirm.com
2101 5th Avenue North
St. Petersburg, FL 33713
P: 727-323-8886 | F: 727-323-3252
Attorneys for Sandra Dominguez